J. S54034/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHRIS EDWARD JORDAN, | : | |
| | : | |
| Appellant | : | No. 597 EDA 2015 |

Appeal from the PCRA Order February 9, 2015
In the Court of Common Pleas of Chester County
Criminal Division No(s).: CP-15-CR-0000257-1980

BEFORE: BOWES, PANELLA, and FITZGERALD,[*] JJ.

JUDGMENT ORDER BY FITZGERALD, J.:      **FILED MARCH 02, 2016**

Appellant, Chris Edward Jordan, appeals from the order[1] entered in the Chester County Court of Common Pleas dismissing, as untimely, his third Post Conviction Relief Act[2] ("PCRA") petition. Appellant argues he is entitled to resentencing based on the United States Supreme Court's holding in *Miller v. Alabama*, 132 S. Ct. 2455 (2012). We reverse the PCRA court's

---

[*] Former Justice specially assigned to the Superior Court.

[1] The PCRA court order dismissing Appellant's PCRA petition was signed on February 6, 2015, and Appellant purports to appeal from the order entered on that date. *See* Appellant's Notice of Appeal, 2/26/15; PCRA Ct. Order, 2/9/15. However, the PCRA court's order contains a file-stamp indicating the order was filed on February 9, 2015. PCRA Ct. Order, 2/9/15. Thus, we have amended the caption accordingly.

[2] 42 Pa.C.S. §§ 9541-9546.

order, vacate Appellant's judgment of sentence, and remand for resentencing.

On October 6, 1980, a jury convicted Appellant of first-degree murder[3] and criminal conspiracy,[4] which were committed while Appellant was a juvenile. On October 29, 1981, the trial court imposed a mandatory sentence of life imprisonment without the possibility of parole. This Court affirmed Appellant's judgment of sentence on August 5, 1983. ***Commonwealth v. Jordan***, 3034 Phila. 1981 (Pa. Super. Aug. 5, 1983) (unpublished memorandum). On January 16, 1984, our Supreme Court denied Appellant's petition for allowance of appeal.

The PCRA court denied Appellant's first PCRA petition[5] on June 19, 2000. This Court affirmed on May 2, 2001, and our Supreme Court denied allowance of appeal. ***Commonwealth v. Jordan***, 2144 EDA 2000 (Pa. Super. May 2, 2001) (unpublished memorandum), *appeal denied*, 796 A.2d

---

[3] 18 Pa.C.S. § 2502(a).

[4] 18 Pa.C.S. § 903.

[5] Appellant apparently filed a *pro se* petition for post-conviction relief in 1988 that was never ruled on by the trial court. Appellant filed another *pro se* petition on January 10, 1997, which the PCRA court considered a timely, first PCRA petition. ***See Commonwealth v. Lesko***, 15 A.3d 345, 361 (Pa. 2011) ("The 1995 amendments to the [PCRA] . . . provide that if the judgment of sentence became final before the January 16, 1996 effective date of the amendments, a PCRA petition will be considered timely if it is filed within one year of that date, or by January 16, 1997.").

979 (Pa. 2001). Appellant filed a second PCRA petition on July 10, 2010, which the PCRA court dismissed without a hearing. Appellant did not appeal.

On July 20, 2012,[6] Appellant filed his third PCRA petition *pro se*, asserting his mandatory sentence was unconstitutional under **Miller**. On February 9, 2015, the PCRA court dismissed Appellant's petition as untimely. Appellant filed a timely appeal and court-ordered Pa.R.A.P. 1925(b) statement.

On January 25, 2016, while the instant appeal was pending, the United States Supreme Court issued its decision in **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016) and held, "**Miller** announced a substantive rule of constitutional law. Like other substantive rules, **Miller** is retroactive[.]" **Montgomery**, 136 S. Ct. at 734. Thereafter, this Court issued its decision in **Commonwealth v. Secreti**, ___ A.3d ___, 2016 WL 513341 (Pa. Super. Feb. 9, 2016) and held the decision in **Montgomery** renders **Miller** retroactive "effective as of the date of the **Miller** decision." **Secreti**, ___ A.3d at ___, 2016 WL 513341 at *5. Therefore, pursuant to the decisions in **Miller**, **Montgomery**, and **Secreti**, we reverse the order dismissing

---

[6] Appellant filed his petition twenty-five days after the decision in **Miller** was filed.

Appellant's PCRA petition, vacate his judgment of sentence, and remand for resentencing.[7]

Order reversed. Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/2/2016

---

[7] On February 5, 2016, Appellant filed a petition seeking remand in light of **Montgomery**. Given our disposition, we deny Appellant's petition as moot. The PCRA court also filed a "statement" and proposed order seeking remand for the purpose of correcting Appellant's sentence to "life in prison, with the possibility of parole." PCRA Ct. Statement, 2/5/16. We likewise deny the court's request but direct it to this Court's decision in **Secreti**, wherein we ordered resentencing in accordance with **Commonwealth v. Batts**, 66 A.3d 286 (Pa. 2013). **Secreti**, ___ A.3d at ___, 2016 WL 513341 at *6.